[No. B152057. Second Dist., Div. Seven. Jan. 7, 2002.]

CITY OF GLENDALE et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ROBERT L. FENTON, Real Party in Interest.

---

*Associate Justice of the Court of Appeal, Second Appellate District, Division Eight, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## COUNSEL

Scott H. Howard, City Attorney; Polich & Purdy, Carol Ann Humiston, Richard H. Nakamura, Jr., and Pamela A. Hill for Petitioners.

No appearance for Respondent.

Plotkin, Marutani & Kaufman and Jay J. Plotkin for Real Party in Interest.

## OPINION

## BOLAND, J.*—

### SUMMARY

A trial court erred in granting a motion to strike a municipality's request for punitive damages. Public entities are not, as a matter of law, precluded from pursuing claims for punitive damages.

### FACTUAL AND PROCEDURAL BACKGROUND

In January 1998, real party in interest Robert L. Fenton sued petitioners City of Glendale and Glendale Redevelopment Agency (collectively City) to recover a contingency fee. Fenton, an attorney who since resigned from the State Bar, alleged he was retained by the City to recover eminent domain funds it was owed by the County of Los Angeles, and the City had agreed to pay him a percentage of the funds he recovered on its behalf. The City answered the complaint and filed a cross-complaint against Fenton for fraud, among other things. By its cross-action, the City alleged Fenton had colluded with cross-defendant Gregory Pentoney to defraud the City, for which the City was entitled to recover general, special and punitive damages. Pentoney is the former senior accountant/auditor for the finance department of the Los Angeles County Superior Court.

The Los Angeles District Attorney subsequently initiated a criminal prosecution against Fenton and Pentoney. Fenton and Pentoney subsequently pled "no contest" to violating Penal Code sections 67.5 (bribing a ministerial officer), and 68 (accepting a bribe), respectively.

In January 2001, the City moved for an order in this action to permit pretrial discovery of Fenton's financial condition. (Civ. Code, § 3295, subd. (c).) The City informed the court of Fenton's "no contest" plea which, for purposes of a civil proceeding, has the legal effect of a guilty plea. (Pen. Code, § 1016, subd. 3.) Thus, the City argued Fenton had effectively conceded his liability for fraud, thereby establishing a substantial probability the City would prevail in its quest for punitive damages. The trial court agreed, and granted the motion.

---

*Associate Justice of the Court of Appeal, Second Appellate District, Division Eight, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Several months later, the City sought and obtained leave to file the operative third amended cross-complaint to add a claim for unfair business practices. (Bus. & Prof. Code, § 17200.) Joined by Fenton, Pentoney then moved, in pertinent part, to strike the City's request for punitive damages. Relying on *City of Los Angeles v. Shpegel-Dimsey, Inc.* (1988) 198 Cal.App.3d 1009 [244 Cal.Rptr. 507] (*City of Los Angeles*), Pentoney and Fenton argued a municipality is barred from recovering punitive damages. The trial court granted that motion, and the City initiated this proceeding for extraordinary relief.[1]

## DISCUSSION

The City contends the trial court erred when it granted Fenton's motion to strike by relying on *City of Los Angeles, supra,* 198 Cal.App.3d 1009, which held a municipality was precluded from recovering punitive damages. The City asserts the court should instead have denied Fenton's motion, based on *City of Sanger v. Superior Court* (1992) 8 Cal.App.4th 444 [10 Cal.Rptr.2d 436] (*City of Sanger*), which held that a city is entitled to seek punitive damages.

In *City of Los Angeles,* a city sued a plastics manufacturer to recover the costs of extinguishing a fire at the manufacturer's plant, and for damage to public utility poles and other property. The city also sought punitive damages under Civil Code section 3294 based on the manufacturer's repeated violations of the city's fire code over a 10-year period before the fire. Division One of this district held that a municipality may not recover punitive damages. (*City of Los Angeles, supra,* 198 Cal.App.3d at pp. 1023, 1025-1026.)

Two bases were specified for the holding in *City of Los Angeles.* First, the court noted the purpose of exemplary damages is to punish, and a private party lacks the ability to punish a tortfeasor except through a punitive damage award. In contrast, a municipality may punish a tortfeasor through the exercise of its police power, and can impose fines or other penal remedies. As a result, the ability to recover punitive damages is not a necessary tool for a municipal plaintiff. (*City of Los Angeles, supra,* 198 Cal.App.3d at p. 1023.) Second, because a plaintiff is statutorily prohibited from recovering punitive damages *against* a municipality (Gov. Code, § 818), "permitting a governmental entity to seek recovery of punitive damages would raise serious questions of equal protection under the laws." (*City of Los Angeles,* at p. 1023.) Relying on *City of Sanger, supra,* 8 Cal.App.4th 444, the City insists the reasoning in *City of Los Angeles* is flawed on both statutory and constitutional grounds. We agree.

---

[1] Pentoney has reached a tentative settlement with the City and is not a party here.

A.  *Statutory Basis.*

In *City of Sanger*, the Fourth District concluded the holding in *City of Los Angeles* was "inconsistent with the plain language of Civil Code section 3294 which provides 'the plaintiff' may recover punitive damages in appropriate cases." (*City of Sanger, supra,* 8 Cal.App.4th at p. 448.) The court noted that the term "plaintiff" refers, among other things, to the " '*person* who files the complaint or cross-complaint,' " (italics added) and the statutory definition of a "person" includes " '*a public entity.*' " (*Ibid.*, citing Code Civ. Proc., §§ 481.180, 481.170.)

Based on the established principle that courts " ' " " 'are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them," [citations]' " ' " (*City of Sanger, supra,* 8 Cal.App.4th at p. 448) and may not rewrite unambiguous statutory language, *City of Sanger* held "[t]he language of [Civil Code] section 3294 is unambiguous and may not be read to limit recovery of punitive damages to private parties." (*Id.* at p. 449.) The plain language of Civil Code section 3294 permits *all* plaintiffs, both public and private, to recover punitive damages in appropriate cases. (*Westlands Water Dist. v. Amoco Chemical Co.* (9th Cir. 1991) 953 F.2d 1109, 1112 (*Westlands Water Dist.*).) With the exception of one group of plaintiffs—employees who sue their employers—the statute does not single out public entities or any other class of plaintiffs for special treatment with respect to punitive damages. (See Civ. Code, § 3294, subd. (b).) Accordingly, "[n]either a frustration of the Legislative purpose or absurd consequences would result from following the plain language of the statute." (*City of Sanger, supra,* 8 Cal.App.4th at p. 449.) We agree with *City of Sanger*. The contrary holding in *City of Los Angeles* is "inconsistent with the plain language of Civil Code section 3294." (*Id.* at p. 448; *Westlands Water Dist., supra,* 953 F.2d at p. 1112 [same].)

In contrast to the municipal plaintiff in *City of Los Angeles*, here the City lacks police power to impose fines or criminal sanctions on individual tortfeasors such as Fenton. The City's prosecutorial power is limited to criminal cases involving violations of the City's charter and its ordinances. This distinction is significant. Although the decision in *City of Los Angeles* was couched in terms prohibiting all *public entities* from recovering punitive damages, its holding was based partly on the fact that municipalities such as the City of Los Angeles possess police powers which make recovery of punitive damages redundant. (*City of Los Angeles, supra,* 198 Cal.App.3d at pp. 1025-1026 ["Since a municipality may exercise its police power to punish a wrongdoer by way of example, its failure to do so should not be excused by providing the remedy of punitive damages."].) In this case, the

City stands in the same position as any private plaintiff. If at trial Fenton is found to have committed fraud, which he has already effectively conceded, he cannot be punished for his conduct if the City is precluded as a matter of law from recovering punitive damages.

We agree with *City of Sanger* that the public purpose advanced by the imposition of punitive damages is furthered "even if the party against whom the punishment is imposed could have been . . . punished through the exercise of the police power of a municipality." (*City of Sanger, supra,* 8 Cal.App.4th at p. 449.) We also conclude the reasoning in *City of Los Angeles* does not obtain here, where the police and prosecutorial powers of the municipal plaintiff are simply not comparable to those held by the City of Los Angeles.

## B. *Constitutional Basis.*

*City of Los Angeles* also held that "serious questions" of equal protection would be raised if public entities were permitted to recover exemplary damages while, at the same time, private plaintiffs were prohibited from pursuing such remedies against municipalities or other public entities. (*City of Los Angeles, supra,* 198 Cal.App.3d at p. 1023.) We cannot agree.

The Government Code bars all punitive damage awards against public entities. (Gov. Code, § 818 ["[A] public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."].) Although, as observed in *City of Los Angeles*, permitting a public plaintiff to pursue punitive damages does create a statutory asymmetry, we agree with *City of Sanger* that the lack of symmetry does not result in "a denial of equal protection because a rational basis for the distinction exists." (*City of Sanger, supra,* 8 Cal.App.4th at p. 450.)

Government Code section 818 was upheld against a constitutional challenge in *McAllister v. South Coast Air Quality Mgmt. Dist.* (1986) 183 Cal.App.3d 653 [228 Cal.Rptr. 351]. Applying a standard constitutional "rational basis" analysis, the *McAllister* court held the equal protection clause " 'does not prohibit legislative classification and imposition of statutory restraints on one class which are not imposed on another. The classification is constitutionally infirm only if it bears no rational relationship to the achievement of a legitimate state objective . . . . A statutory discrimination will not be set aside as a denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it. . . .' " (*Id.* at p. 659, citations and italics omitted.) The court held the distinction between public

and private tortfeasors was rationally related to a legitimate government goal, because requiring a public entity to pay punitive damages would ultimately serve to punish the group intended to benefit from the punishment. (*Id.* at pp. 659-660.)

Similarly, a rational basis exists for treating public and private parties the same when they are plaintiffs. As observed in *City of Sanger*, "requiring private parties to pay punitive damages regardless of whether the plaintiff is a public or private party furthers the goal of punitive damages; *i.e.*, punishment and deterrence of wrongdoing." (*City of Sanger, supra,* 8 Cal.App.4th at p. 450, citing *Westlands Water Dist., supra,* 953 F.2d at p. 1113 ["Preventing punishment of the general public through the imposition of punitive damages against a public entity, and allowing a public entity which lacks traditional police powers to punish wrongdoings of defendants which injure the general public are both legitimate state objectives."].) Accordingly, we conclude the trial court erred when it relied on *City of Los Angeles* and held the City was precluded from pursuing a claim for punitive damages.

## DISPOSITION

Let a peremptory writ issue directing respondent superior court to vacate its order granting cross-defendants' motion to strike the punitive damage allegations from the cross-complaint and to issue a new order denying the motion. Petitioners City of Glendale and Glendale Redevelopment Agency are to recover their costs in this proceeding from Robert L. Fenton, real party in interest.

Lillie, P. J., and Woods, J., concurred.